Frederick B. Melms Esq,
SBN 1093957
fbmelmsesq@gmail.com
6329 Spindrift Foam Ave,
Las Vegas, Nevada 89139
Telephone:    (715) 892-3023

*Attorney for Plaintiff*
*SHANNON JENSEN*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BR b/n/f SHANNON JENSEN; SHANNON JENSEN indiviudally and on behalf of themselves and those similarily situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>WAUKESHA BOARD OF EDUCTION; SCHOOL DISTRICT OF WAUKESHA; JOSEPH COMO JR.; JAMES SEBERT; BILL BAUMGART; GREG DEETS; PATRICK MCCAFFERY; COREY MONTIHO; KELLY PIACSEK; KARIN RAJNICEK; AMANDA RODDY; ANTHONY ZENOBIA; and Does 1-10 on behalf of themselves and those similarily situated,<br><br>        Defendants. | Case No. 2:21-cv-1151<br><br>**COMPLAINT AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>1. Equal Protection, Affirmative Duty to Protect-State Created Danger. (42 U.S.C. § 1983)<br>2. Equal Protection, Affirmative Duty to Protect-Special relationship. (42 U.S.C. § 1983)<br>3. Public Nuisance. |

## COMPLAINT AND REQUEST FOR DECLARATIVE AND INJUNCTIVE RELIEF

    Plaintiff, SHANNON JENSEN individually, as the Next Friend of Minor BR, and as class representative for all K-12 public school students, their Next Friends,

and Parents and Legal Guardians in the State of Wisconsin brings this Complaint against Defendants, SCHOOL DISTRICT OF WAUKESHA, WAUKESHA BOARD OF EDUCTION; JOSEPH CUOMO JR; JAMES SEBERT; WAUKESHA BOARD OF EDUCTION; JOSEPH CUOMO JUNIOR; JAMES SEBERT; BILL BAUMGART; GREG DEETS; PATRICK MCCAFFERY; COREY MONTIHO; KELLY PIACSEK; KARIN RAJNICEK; AMANDA RODDY; ANTHONY ZENOBIA and Does 1-10 as representatives of a class of Wisconsin Defendant School Districts, School Boards, School Board Members and Superintendents recklessly refusing to implement the reasonable and scientifically supported COVID-19 mitigation strategies recommended by the Wisconsin Department of Public Instruction and the Centers for Disease Control. The failure by this class of Defendants to take adequate Covid-19 related safety measures has needlessly and recklessly placed Wisconsin school children and their communities at risk of serious illness and death. This Plaintiff class vs Defendant class action seeks injunctive and declaratory relief to remedy the failure of Wisconsin School Districts to adequately protect their students and communities.

## INTRODUCTION

1. This Plaintiff class vs Defendant Class action seeks injunctive relief from a class of Defendants for violating various student rights under the United States Constitution, state law, and abatement of a public nuisance under Federal Common law and Wisconsin state law in connection with the refusal of many Wisconsin school boards to implement reasonable Covid-19 mitigation strategies.

## JURISDICTION AND VENUE

2. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and

the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367 and statutory and Constitutional provisions.

3. Jurisdiction is also proper under Federal Common Law and 28 U.S.C. § 1367(a).

4. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Waukesha, Wisconsin, within the Eastern District of Wisconsin.

## **PARTIES**

5. At all relevant times, SHANNON JENSEN ("PLAINTIFF") is mother and Next Friend of Minor BR, both of whom were and are residents of Waukesha County, Wisconsin. **See Exhibit 1, Declaration of Shannon Jensen.**

6. At all relevant times Minor BR was a student in the School District of Waukesha at Rose Glenn Elementary School.

7. SHANNON JENSEN also brings this suit as class representative for all K-12 students and their Next Friends.

8. At all times herein mentioned, The Defendant, WAUKESHA BOARD OF EDUCATION (hereinafter "BOARD") employs and controls the staff, operates, and exercises policy making authority over Defendant SCHOOL DISTRICT OF WAUKESHA (hereinafter WSD).

9. Defendant, JOSEPH COMO JR (hereinafter "COMO") was at all times relevant to this action President of the BOARD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

10. Defendant, JAMES SEBERT (hereinafter "SEBERT") was at all times relevant to this action superintendent of WSD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

11. Defendant, BILL BAUMGART (hereinafter "BAUMGART") was at all times relevant to this action Clerk of the BOARD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

12. Defendant, GREG DEETS (hereinafter "DEETS") was at all times relevant to this action a member of the BOARD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

13. Defendant, PATRICK MCCAFFERY (hereinafter "MCCAFFERY") was at all times relevant to this action treasurer of the BOARD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

14. Defendant, COREY MONTIHO (hereinafter "MONTIHO") was at all times relevant to this action a member of the BOARD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

15. Defendant, KELLY PIACSEK (hereinafter "PIACSEK") was at all times relevant to this action a member of the BOARD and acting under the color of law. She is sued in his official capacity for injunctive relief only.

16. Defendant, KARIN RAJNICEK (hereinafter "RAJNICEK") was at all times relevant to this action a member of the BOARD and acting under the color of law. She is sued in his official capacity for injunctive relief only.

17. Defendant, AMANDA RODDY (hereinafter "RODDY") was at all times relevant to this action Vice President of the BOARD and acting under the color of law. She is sued in his official capacity for injunctive relief only.

18. Defendant, ANTHONY ZENOBIA (hereinafter "ZENOBIA") was at all times relevant to this action a member of the BOARD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

19. At all relevant times, DOES 1 through 10 are employees, administrators, or individuals with other policy making authority over the Waukesha School District and are sued in their official capacity for injunctive relief only.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

20. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21. COVID-19 also known as COVID and the coronavirus, is a contagious disease caused by severe acute respiratory syndrome coronavirus 2 or (SARS-CoV-2)

22. The SARS-CoV-2 virus has an incubation period between two and fourteen days, and is highly contagious and deadly. The virus causes a myriad of symptoms ranging from a fever or chills, a cough, shortness of breath or difficulty breathing, fatigue, muscle or body aches, a headache, a loss of taste or smell, a sore throat, congestion or runny nose, nausea or vomiting, diarrhea, organ failure, and respiratory failure.

23. The SARS-CoV-2 virus was originally discovered in late 2019 and spread globally within mere months.

24. The World Health Organization declared Covid-19 a pandemic on March 11, 2020.

25. In December of 2020 the Delta variant of the SARS-CoV-2 virus emerged in India and was detected in the United States in March of 2021.

26. The Delta variant of the SARS-CoV-2 virus has proved to be more contagious than the original variant and is capable of causing deadly infections in vaccinated individuals.

27. At the time of this filing, there have been over 40 million confirmed Covid-19 cases in the United States causing over 700,000 deaths.

28. At the time of this filing, there have been over 890,000 confirmed Covid-19 cases in Wisconsin causing over 8,900 deaths.

29. Individuals can take steps to limit the spread of Covid-19, these steps include getting vaccinated and wearing facemasks.

30. Currently there are three different vaccines available, only one of which is available to children from 12-17. No vaccine is currently available to children under 12.

31. The Covid-19 pandemic drastically effected K-12 schooling during the Spring of 2020. All Wisconsin schools were shut down by order of Governor Evers and most students were taught virtually.

32. During the 2020-2021 School year, schooling throughout Wisconsin was either conducted virtually, or in person with Covid-19 mitigation strategies in place including universal masking.

33. When the 2021-2022 School year began, many school districts, including the School District of Waukesha did not have adequate Covid-19 mitigation measures in place and brought students back to School without mandatory face masks, social distancing, or contract tracing, creating an incredibly dangerous learning environment.

34. On August 10, 2021, the Wisconsin Department of Public Instruction (hereinafter "DPI") released a publication entitled COVID-19 Infection Control and Mitigation Measures for Wisconsin Schools 2021/2022.

35. In the COVID-19 Infection Control and Mitigation Measures for Wisconsin Schools 2021/2022, the Wisconsin Department of Public Instruction makes several recommendations for steps Wisconsin schools should take to limit the spread of Covid-19.

36. Specifically, the DPI recommends that schools encourage children and staff who have been exposed to COVID-19 to stay home and get tested, encourage good hand hygiene, promote vaccination to eligible students and staff, maintain a policy of physical distancing between students and staff, limit non-essential visitation to the schools, establish contact tracing programs, improve ventilation where possible and disinfect surfaces within the school on a daily basis.

37. Finally, the DPI recommends that all Wisconsin schools institute mandatory masking policies for students and staff.

38. On August 5, 2021, the Centers for Disease Control (hereinafter "CDC") published their most recent Guidance for COVID-19 Prevention in K-12 Schools.

39. The CDC recommends that schools encourage children and staff who have been exposed to COVID-19 to stay home and test, encourage good hand hygiene, promote vaccination to eligible students and staff, maintain a policy of physical distancing between students and staff, limit non-essential visitation to the schools, establish contact tracing programs, improve ventilation where possible and disinfect surfaces within the school on a daily basis.

40. The CDC also recommends that schools implement universal masking policies.

41. The CDC has found that universal masking policies drastically reduce the rate of Covid-19 infections in schools.

42. Wisconsin School districts are all implementing different Covid-19 mitigation policies, many of which recklessly ignore DPI and CDC recommendations.

43. The School Districts refusing to implement Covid-19 mitigation strategies in their schools are functionally hosting daily "super spreader" events.

44. During the Spring of 2020, The School District of Waukesha held classes remotely, this policy continued into the 2020-2021 School year but the district returned children to in person schooling on October 19, 2020. In order to keep their students safe from Covid-19, the Waukesha School district had a robust Covid-19 mitigation strategy that included mandatory masking.

45. During the 2020-2021 School year BR and his two siblings attended Rose Glen Elementary School which had several different Covid-19 infection mitigation strategies in place. Theses strategies included universal masking, regular body temperature checks, and plexiglass dividers.

46. On May 12, 2021, The Board of Education for the School District of Waukesha voted to end many of their Covid-19 mitigation policies, including their universal masking requirement.

47. When the 2021-2022 School year began, BR returned to school and wore a mask daily.

48. Many of BR's classmates choose not to wear masks to school.

49. On September 16, 2021, one of BR's classmates came to school with Covid-19 symptoms.

50. On September 17, 2021, that same student visited the school nurse twice and was eventually sent home due his Covid-19 symptoms.

51. BR was seated next to his sick classmate on both days.

52. BR's sick classmate did not wear a mask to school.

53. On September 19, 2021, BR became symptomatic and tested positive for Covid-19.

54. On September 18 and 19, 2021, BR attended multiple community events likely spreading Covid-19 to members of the community.

55. After BR tested positive for Covid-19, Plaintiff chose to quarantine him in the basement of her home and quarantine her two other children in their shared bedroom.

56. BR's quarantine period lasted 10 days and he missed 6 days of school.

57. PLAINTIFF was responsible for providing schooling for her children during this period of quarantine as WSD no longer had a plan in place to provide educational assistance to children missing school due to Covid-19.

## **FIRST CLAIM FOR RELIEF**

**Equal Protection, Affirmative Duty to Protect-State Created Danger (42 U.S.C. § 1983)**

**(BR b/n/f SHANNON JENSEN and on behalf of those similarly situated,**

**Against JOSEPH CUOMO JR; JAMES SEBERT; WAUKESHA BOARD OF EDUCTION; JOSEPH CUOMO JUNIOR; JAMES SEBERT; BILL BAUMGART; GREG DEETS; PATRICK MCCAFFERY; COREY MONTIHO; KELLY PIACSEK; KARIN RAJNICEK; AMANDA RODDY; ANTHONY ZENOBIA and DOES 1-10 on behalf of themselves and those similarly situated)**

58. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59. BR and those similarly situated have a cognizable right under the Fourteenth Amendment to the United States Constitution to be safe from state created dangers while in school.

60. At the beginning of the Covid-19 Pandemic the schools within WSD were closed by Emergency Order of Governor Evers on April 16, 2020, as was every other school in the State of Wisconsin

61. Due to the school closures, WSD and nearly every other school district in the State of Wisconsin transitioned to virtual learning.

62. On October 19, 2020, WSD chose to bring their students back to school and reinstituted in person learning, placing their students in danger of Covid-19 infection.

63. WSD has also resumed extracurricular activities which currently do not have adequate Covid-19 mitigation measures in place, this further increases the opportunity for a Covid-19 outbreak in the WSD schools.

64. WSD and the BOARD are also currently allowing visitors and volunteers to enter the WSD schools without masks, Covid-19 screenings, or requiring negative test results.  Each visitor and volunteer in the WSD schools brings with them the possibility of a Covid-19 outbreak.

65. By bringing students back to class, reinstituting extracurricular activities, and allowing potentially contagious visitors and volunteers into the schools without masks, WSD and the BOARD threw students into a Covid-19 "snake pit" creating an affirmative duty to keep their students safe from Covid-19.

66. The WSD and the BOARD'S reckless refusal to implement reasonable Covid-19 mitigation measures was the direct and proximate cause BR's infection and illness.

67. By throwing BR and the rest of the WSD students into the Covid-19 "snake pit" WSD and the BOARD created an affirmative duty under the Fourteenth Amendment to the Constitution of the United States of America to maintain adequate Covid-19 mitigation measures to protect their students.

68. WSD and the BOARD are aware that by removing their COVID-19 mitigation measures they are needlessly and recklessly endangering the health and safety of their students.

69. WSD and the BOARD's refusal to implement the reasonable Covid-19 mitigation strategies recommended by the CDC and the DPI is reckless and shocks the conscious.

70. As a result of the unconstitutional conduct of the Defendants, BR was infected with Covid-19 and suffered needlessly.

71. PLAINTIFF brings this claim for Declaratory and Injunctive Relief as Next Friend of BR and Plaintiff class representative.

## SECOND CLAIM FOR RELIEF

**Equal Protection, Affirmative Duty to Protect-Special relationship (42 U.S.C. § 1983)**
**(BR b/n/f SHANNON JENSEN and on behalf of those similarly situated against JOSEPH CUOMO JR; JAMES SEBERT; WAUKESHA BOARD OF EDUCTION; JOSEPH CUOMO JUNIOR; JAMES SEBERT; BILL BAUMGART; GREG DEETS; PATRICK MCCAFFERY; COREY MONTIHO; KELLY PIACSEK; KARIN RAJNICEK; AMANDA RODDY;**

**ANTHONY ZENOBIA and DOES 1-10 on behalf of themselves and those similarly situated)**

72. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73. BR and those similarly situated have a cognizable right under the Fourteenth Amendment to the United States Constitution to be protected from Covid-19 by the WSD and Board due to the special relationship between students and school administration created by the initial response to the Covid-19 Pandemic.

74. During the 2019-2020 and 2020-2021 school years the WSD and BOARD implemented appropriate COVID-19 mitigation measures, including a universal masking requirement.

75. By implementing Covid-19 mitigation measures during the 2019-2020 and 2020-2021 school years WSD and the BOARD deliberately assumed control over BR's physical welfare as it related to the Covid-19 pandemic and created a "special relationship" with him and his classmates in which WSD and the Board are responsible for his keeping students safe from Covid-19.

76. The special relationship between students and WSD and the BOARD creates an affirmative duty whereby WSD and the BOARD have responsibility under the Fourteenth Amendment to the Constitution of the United States of America to maintain adequate Covid-19 mitigation measures to protect their students.

77. WSD and the BOARD breached this affirmative Duty when they voted to remove many of their Covid-19 mitigation measures on May 12, 2021.

78. WSD and the BOARD breach this affirmative duty on a daily basis by recklessly holding in person classes after removing their Covid-19 mitigation measures from the school.

79. As a result of the unconstitutional conduct of the Defendants, BR was infected with Covid-19 and suffered needlessly.

80. PLAINTIFF brings this claim for Declaratory and Injunctive Relief as Next Friend of BR and Plaintiff class representative.

## THIRD CLAIM FOR RELIEF

### PUBLIC NUISANCE
**(All Plaintiffs and similarly situated individuals against all Defendants and those similarly situated)**

81. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

82. The Covid-19 pandemic has been a public health disaster in Wisconsin and the United States a whole.

83. The Covid-19 pandemic has killed over 8,900 Wisconsinites and overwhelmed our healthcare systems.

84. The general public has the right to be free from unnecessary exposure to infectious diseases like Covid-19.

85. The general public and Wisconsin communities have a public health interest in limiting the spread of Covid-19.

86. By holding classes without adequate Covid-19 mitigation measures the BOARD and WSD are causing Covid-19 to spread within the district's schools.

87. BR and other students within WSD are being needlessly infected with Covid-19 due to the reckless conduct of WSD and the BOARD. These infected students then leave school and spread Covid-19 throughout the community.

88. By holding classes without adequate Covid-19 mitigation measures the WSD and BOARD are knowingly, needlessly, unreasonably, and recklessly

exposing the public to Covid-19, interfering with the general public's right to be free from unnecessary exposure to infectious diseases like Covid 19, and endangering public health.

89. WSD and the BOARD's reckless and unreasonable conduct caused special injuries to BR and Plaintiff. BR became infected with Covid-19 which forced PLAINTIFF to quarantine him and her other children within their home, care for her sick child, take responsibility for her children's educational needs, isolate herself and her husband and caused her and her family to miss several family outings and events.

90. Shannon Jensen brings this claim for injunctive relief individually, on behalf of BR and on behalf of all similarly situated individuals.

## CLASS ACTION ALLEGATIONS

91. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) as the named and absent Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory and injunctive relief appropriate.

92. Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), Plaintiff Shannon Jensen brings this action on behalf of herself, BR, and the class, particularly the following Statewide class of similarly situated persons defined as all K-12 students attending public schools in the state of Wisconsin, who have become infected with Covid-19 at school and their Next Friends.

93. Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), Plaintiff Shannon Jensen brings this action against a class of Defendants, particularly a Statewide class of similarly situated School Boards, School Board members

and school districts defined as all K-12 students attending public Schools and their next friends in the state of Wisconsin.

94. This action has been brought and may properly be maintained as a class action as it both Plaintiff and Defendant classes satisfy the numerosity, commonality, typicality and adequacy requirements of Rule 23(a)

95. The Plaintiff Class consists of all public-school K-12 students who have been infected with Covid-19 while at school, satisfying the numerosity requirement.

96. The Defendant Class consists of school boards, school board members, superintendents and school districts refusing to implement the face mask requirement recommended for K-12 Schools by the DPI and CDC satisfying the numerosity requirement.

97. The claims of Shannon Jensen individually, and as next friend of BR share common questions of law and fact with the claims of the absent members of the Plaintiff Class satisfying the commonality requirement.

98. The defenses and conduct of the named and absent Defendant Class members share common aspect of law and fact satisfying the commonality requirement.

99. The claims Shannon Jensen individually, and as next friend of BR brings, have a common origin and share a common basis with the absent class members. Their claims originate from reckless refusal of school boards and school districts to implement reasonable Covid-19 mitigation measures. As such, the Plaintiff class meets the typicality requirement.

100. The conduct of the named and absent Defendants in this action is virtually identical. They have all recklessly refused to implement reasonable Covid-19 mitigation measures. As such, both the named and absent Defendant class

members should all have defenses with a common origin which will share a common basis meeting the typicality requirement.

101. Plaintiff Shannon Jensen is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material hereto. She will fairly and adequately protect the interest of the class and has no interests adverse to, or which directly and irrevocably conflict with, the interests of other members of the class. She has also engaged the services of counsel indicated below. Said counsel is experienced in civil rights and class litigation, will adequately prosecute this action, and will assert, protect and otherwise well represent the named class representatives and absent class members.

102. The named Defendants are from a relatively large and wealthy school district and should have the means to defend this action. Given that the action is exclusively for declaratory and injunctive relief there should not be any conflict between the named and absent Defendant Class members. Similarly, this action focuses almost exclusively on questions of law and is not particularly fact specific, as such if the named Defendants' counsel adequately represents the named Defendants, they are also adequately representing the class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Shannon Jensen, individually as Next Friend of BR, and as a class representative, requests entry of judgment in her favor and against Defendants WAUKESHA BOARD OF EDUCTION; SCHOOL DISTRICT OF WAUKESHA; JOSEPH COMO JR.; JAMES SEBERT; BILL BAUMGART; GREG DEETS; PATRICK MCCAFFERY; COREY MONTIHO; KELLY

PIACSEK; KARIN RAJNICEK; AMANDA RODDY; ANTHONY ZENOBIA; AND DOES 1-10 ON BEHALF OF THEMSELVES AND THOSE SIMILARLY SITUATED, inclusive, as follows:

        A.    For declaratory and injunctive relief.

        B.    Attorney Fees and Costs.


DATED: October 6, 2021        FREDERICK B. MELMS Esq


                       By:/s/ Frederick Melms
                          Frederick Melms
                          Attorney for Plaintiff
                          Shannon Jensen

# Exhibit 1

Declaration of Shannon Jensen

Frederick Melms
6329 Spindrift Foam Ave,
Las Vegas NV, 89139
715-892-3023
fbmelmsesq@gmail.com

# UNITED STATES DISTRICT COURT

## DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BR b/n/f SHANNON JENSEN, on behalf of themselves and those similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>SCHOOL DISTRICT OF WAUKESHA; WAUKESHA BOARD OF EDUCTION; JOSEPH CUOMO JUNIOR; JAMES SEBERT; BILL BAUMGART; GREG DEETS; PATRICK MCCAFFERY; COREY MONTIHO; KELLY PIACSEK; KARIN RAJNICEK; AMANDA RODDY; ANTHONY ZENOBIA; AND DOES 1-10, on behalf of themselves and those similarly situated,<br><br>                    Defendant | Case No.: Number<br><br><br>**DECLARATION OF SHANNON JENSEN** |

### Declaration of Shannon Jensen Pursuant to 28 U.S. Code § 1746

I, Shannon Jensen, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1.      I am the mother and Next Friend of minor BR.


2.      During the 2020-2021 school year, I chose to send BR and my other two children to Rose Glen Elementary School in the School District of Waukesha, with Covid-19 mitigation

DECLARATION OF SHANNON JENSEN - 1

procedures in place. These mitigation procedures consisted of universal masking requirements, plexiglass dividers, temperature checks and contact tracing.  None of my children fell ill with Covid-19 during that school year, despite limited information we had about the Covid-19 virus and limited availability of Covid-19 vaccinations.

3.      On May 12, 2021, the Board of Education for the School District of Waukesha voted to remove most of the Covid-19 mitigation procedures from the schools within the district, including their requirement for universal masking.  The chose to remove the protections despite guidance from the Centers for Disease Control and the Wisconsin Department of Public Instruction to the contrary.

4.      The School District of Waukesha chose to start the 2021-2022 school year without adequate Covid-19 mitigation procedures in place and was no longer offering a satisfactory virtual school option to parents. Despite protests and demands from concerned parents, political organizations and news media outlets, the School District's policy of inaction was not remedied and the school year started on September 1, 2021, without mandatory masking, plexiglass dividers, temperature checks, contact tracing or any other reasonable and necessary Covid-19 mitigation strategies implemented in the schools.

5.      As a family we chose to have our three sons to continue to wear masks while in school. Our three sons complied, but very few of their classmates wear masks to class.

DECLARATION OF SHANNON JENSEN - 2

6.      On the evening of Sunday, September 19, 2021, I called my children, who were with my ex-husband for the weekend, and I found out that my oldest son had just tested positive for Covid-19.

7.      On the morning of Monday September 20, 2021, my three children arrived at my home and we immediately quarantined BR downstairs and had my other two children put on face masks. My husband and I wore N-95 masks and eye protection and continued to do so throughout the quarantine. We tested ourselves and the younger two boys for Covid-19, using at home tests purchased from Walgreens. All tests came back negative. I also communicated with the boys' father regarding quarantining procedures and notifying Waukesha Department of Public Health of the positive test and possible exposures over the weekend.  Rose Glen Elementary School was also notified. Similarly, we chose to follow CDC recommended guidelines and quarantined and isolated our family for the recommended 10 days, despite being told we did not have to by Rose Glen Elementary School.

8.      BR quarantined in our basement while our other two sons quarantined upstairs, and we all wore masks. We checked on our oldest son at least every two hours, wearing N95 masks and eye protection. We delivered him his meals, medications, and checked his symptoms and temperature. During the 10-day isolation period BR missed six days of school. Because the Waukesha School District had no plan in place for students missing class due to Covid-19, there was a delay in getting schoolwork and assignments for all of my three of my children. WEBEX, a virtual platform used the previous year, had been disabled and there was no option for our children to tune into actual classroom instruction remotely. This left my husband and I to be the

DECLARATION OF SHANNON JENSEN - 3

primary instructors to our children, despite the best efforts from our children's teachers. We were also forced to pick up assignments from school and contact the teachers individually for additional access to assignments for the three children. All of this was performed on the fly, as no plan had been put in place prior to the school year.

9.      BR informed me that the child that sits next to him in his class had not been feeling well on the previous Thursday and Friday. The child went to the school nurse on Friday morning, was sent back to class and again visited the nurse around lunch time. At that time, he was running a fever and was sent home from school but had been in contact with my son all week. That child did not wear a mask in school.

10.     Later in the day on Monday September 20, 2021, I received a notification that BR had a child in his class who had tested positive for Covid-19 during the prior week. The letter read as follows:

> Dear Parent or Guardian,

> Please be aware that your child has recently had an exposure to COVID-19 within the school setting. Your child may continue to attend school and participate in extracurricular activities. Though it is not required that your child quarantine, parents may choose to self-quarantine their child.

> Self-Quarantine means that:

> • Your child must stay out of the public and stay home

> • Your child must not attend social gatherings or sports events, including both indoor and outdoor activities

DECLARATION OF SHANNON JENSEN - 4

• Do not use public transportation, ride-sharing, or taxis

• Do not travel, even within the local community

• Advise your child to wash their hands often and practice good hygiene

• Postpone all non-essential medical appointments until your child is out of quarantine. Notify your child's healthcare provider of your child's exposure to COVID-19 to determine how the healthcare provider would like to proceed

• Your child should minimize contact with others in the home and, when possible, stay in his/her own room and use his/her own bathroom.

• Your child should not share personal household items such as dishes, towels, and bedding.

Parents should monitor their child for symptoms of COVID-19.

Symptoms of COVID-19 include: fever, cough, congestion, shortness of breath, loss of sense of taste or smell, diarrhea, vomiting, nausea, runny nose, abdominal pain, fatigue, muscle aches, chills, sore throat, and headache.

If your child develops any symptoms of COVID-19, contact your provider for further guidance.

If your child receives a positive COVID-19 test, they must isolate for 10 days from the start of symptoms or from the test date if there were no symptoms.

If you have additional questions or concerns, please contact Waukesha County Public Health at (262) 896-8430.

Sincerely,

Joe Koch, PhD

Deputy Superintendent

DECLARATION OF SHANNON JENSEN - 5

11.     On September 23, 2021, we received the same generic email stating that another child in my oldest son's class had tested positive for Covid-19. At this same time, I received communication from another parent with a child in BR's class, that a total of four children in the class had now tested positive. It appeared there was an outbreak in the classroom and a substantial delay in notifications going out to the parents.  Upon further investigation, I was learned that the School District of Waukesha did not have a threshold or guidance from the Waukesha Board of Education for when the class would be put into quarantine and that there was no actual contact tracing being done in the school, just blanket informing parents when a child in the class had tested positive, usually several days after.

12.     On Saturday, September 25, 2021, we had all three children and ourselves retested for covid at the CVS pharmacy on Sunset Avenue in Waukesha. We took two vehicles there to try to keep the positive, older children as separate from their youngest brother as much as possible. My husband and I continued to wear our N95s and eye protection. The results were reported to us on Sunday afternoon and confirmed the same results as our at-home Antigen tests. My husband, myself and my youngest son remained negative, while my oldest two sons were positive.

13.     BR was out of school for a total of 6 days during his 10-day quarantine period. My younger two sons were out of school for a total of 10 days as well.

14.     Not only did our children miss school, but they missed multiple extracurricular activities during this time period, including Cub Scouts, football practices and games, and soccer practices

DECLARATION OF SHANNON JENSEN - 6

and games. In addition, as a family we missed two baby showers and a Brewers game of which we had purchased tickets for several months prior.

15.     The School District of Waukesha's refusal to implement reasonable Covid-19 mitigation strategies, not only affected our immediate family, but if we had been notified sooner of my oldest son's close contact with someone who was diagnosed with Covid-19, we could have prevented possible further community spread of the virus. In the 24 hours prior to my oldest son exhibiting symptoms, BR attended a Cub Scout camp, church, church school, a church festival, a community parade, and a community car show potentially exposing hundreds of local citizens.

**Executed on October  5, 2021**

Shannon Jensen

**Shannon Jensen**

DECLARATION OF SHANNON JENSEN - 7

**Signature:** _Shannon L Jensen_
Shannon Jensen (Oct 5, 2021 12:34 CDT)

**Email:** shannonjensenrn@gmail.com