# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHANNON JENSEN, Next Friend of Minor BR,<br><br>                      Plaintiff,<br><br>v.<br><br>WAUKESHA SCHOOL DISTRICT, WAUKESHA BOARD OF EDUCATION, JOSEPH COMO, JAMES SEBERT, BILL BAUMGART, GREG DEETS, PATRICK MCCAFFERY, COREY MONTHIO, KELLY PIACSEK, KARIN RAJNICEK, AMANDA RODDY, ANTHONY ZENODIA, and DOES 1–10,<br><br>                      Defendants. | Case No. 21-CV-1151-JPS<br><br>**ORDER** |

      Since this case was filed on October 6, 2021, it has become unnecessarily unwieldy. The Court recognizes the potential urgency of this matter, but the parties' desire for speedy resolution cannot manifest at the expense of orderly litigation.

      On October 15, 2021, Plaintiff filed a motion for a temporary restraining order (the "TRO"). (Docket #6). Soon thereafter, on October 29, 2021, Defendants filed a motion to dismiss based, in part, on lack of subject-matter jurisdiction. (Docket #9). By phone call, the Court informed the parties that it would decline to rule on the TRO until the parties briefed the Court on subject-matter jurisdiction. On November 22, 2021, Plaintiff filed a response to the motion to dismiss, (Docket #12); that same day, Plaintiff

filed an amended complaint, (Docket #13). Plaintiff included the following explanation in her response brief:

> To be fair to Defendants, in writing the complaint Plaintiff's counsel labeled the heading of Plaintiff's Complaint as equal protection claims and then plead them as due process claims. The due process clause of the Fourteenth amendment is clearly applicable. Plaintiff's Counsel will file an Amended Complaint in order to clear this issue up moving forward as allowed by Fed. R. Civ. Pro. 15(a)1(B).

(Docket #12 at 8).

Plaintiff is correct that she may file an amended complaint as a matter of right at this juncture: "[Federal Rule of Civil Procedure 15] clearly provides that a plaintiff 'may amend his pleading once as a matter of course at any time before a responsive pleading is served.'" *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). "A responsive pleading does not include a motion to dismiss." *Id.* at 1056–57. However, Plaintiff errs in proposing that the Court proceed with briefing based on the original complaint now that an amended complaint is docketed. "Once an amended pleading is filed, it supersedes the prior pleading." *Id.* at 1057; *see, e.g.*, *Peters v. Brennan*, No. 05-C-0787, 2005 WL 8154569, at *1 (E.D. Wis. Nov. 3, 2005) ("Often, the court denies as moot a motion to dismiss a complaint that has been superseded by an amended complaint.").

The amended complaint, (Docket #13), will serve as the operative complaint in this matter, and the Court will deny as moot all pending motions related to the original complaint. This Order is likely to provoke frustration—the Court recognizes that the motions are briefed at length—

but there are rules that must be followed to ensure efficient, fair, and orderly litigation.

The parties are ordered to re-brief the Court on subject-matter jurisdiction before the Court will proceed on other matters (e.g., a new motion for a temporary restraining order). In order to most efficiently use its limited resources, the Court has adopted new protocols designed to meaningfully address dispositive motions:

> If dispositive motions are contemplated, the parties are directed to meet and confer prior to filing such a motion with the goal of preparing but a single, agreed-upon narrative of material facts for submission to the Court. For summary judgment motions, the parties must meet and confer at least 30 days prior to filing the motion. The agreed-upon statement of material facts must contain pinpoint citations to the record. Any disputed facts must be itemized and supported by each party's separate pinpoint citation to the record. Itemized disputed facts may not exceed one (1) page. In order to determine which facts are material for a given case, counsel must draw upon both relevant case authority and relevant jury instructions. If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate. Fed. R. Civ. P. 56(a). In short, simply because an attorney can submit a motion for summary judgment does not mean that they are obliged to do so.

> If a party elects to submit a motion for summary judgment, they must be mindful of each of the following constraints. Parties may cite no more than ten (10) cases per claim on which the party moves for summary judgment; responses are also limited to ten (10) cases per claim. Reply briefs must conform with Civil Local Rule 56(b)(3) and may not address issues beyond the scope of the opposition brief. Additionally, though it should go without saying, the parties must have actually read the cases to which they cite. No string citations will be accepted.

> Similarly, if defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. The defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and the plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it also grants leave to amend; therefore, it is in the interest of all parties to discuss the matter prior to filing such motions. Briefs in support of, or in opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted.

Thus, in accordance with these new protocols, the Court will decline to address any dispositive motion until the parties comply with the meet-and-confer obligation, as detailed above. If the parties are not able to resolve a contemplated dispositive motion without the Court's intervention, they must file their motion with a joint certification stating that they have complied with the meet-and-confer obligation, along with the joint statement of facts, as described above. Only then will the Court consider the motion.

Finally, as reminded twice already by the Clerk of the Court, Plaintiff is ordered to complete the magistrate judge jurisdiction form.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #13) shall be the operative complaint in this suit;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (Docket #6) and Defendants' motion to dismiss (Docket #9) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that, if the parties are not able to resolve a contemplated dispositive motion without the Court's

Page 4 of 5
Case 2:21-cv-01151-SCD-JPS   Filed 11/24/21   Page 4 of 5   Document 14

intervention, they must refile their motion with a joint certification stating that they have complied with the meet-and-confer obligation, along with the joint statement of facts, as described above; and

    **IT IS FURTHER ORDERED** that Plaintiff is complete the magistrate judge jurisdiction form.

    Dated at Milwaukee, Wisconsin, this 24th day of November, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge