# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHANNON JENSEN, *Next Friend of Minor BR*,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WAUKESHA SCHOOL DISTRICT, WAUKESHA BOARD OF EDUCATION, JOSEPH COMO, JAMES SEBERT, BILL BAUMGART, GREG DEETS, PATRICK MCCAFFERY, COREY MONTHIO, KELLY PIACSEK, KARIN RAJNICEK, AMANDA RODDY, ANTHONY ZENODIA, and DOES 1–10,<br><br>　　　　　　　　　　Defendants. | Case No. 21-CV-1151-JPS<br><br>**ORDER** |

On March 14, 2022, Plaintiff filed a motion to dismiss her suit without prejudice, citing that the issues underlying the case are now moot. ECF No. 27. Although Plaintiff did not cite the procedural rule on which she brings her motion, the Court will assume the motion is filed pursuant to Federal Rule of Civil Procedure 41(a).

On March 15, 2022, Defendants filed a response to this motion. ECF No. 28. While Defendants do not oppose the dismissal of this case, they wish that the dismissal be with prejudice. To accomplish this, Defendants ask that the Court follow one of two proposed courses of actions: (1) grant Plaintiff's motion to dismiss but dismiss the case with prejudice, or (2) grant Defendants' pending motion to dismiss, ECF No. 22, which moves for

dismissal with prejudice for lack of subject-matter jurisdiction. Defendants encourage option two:

> [Defendants' motion to dismiss] is still pending before the Court. Defendants' position is and continues to be that the Court lacks subject matter jurisdiction in this matter, and the case should be dismissed—with prejudice—on those grounds. This raises a novel question for Plaintiffs' recent filing. If the Court lacks jurisdiction in this matter, as Defendants have argued, the Court lacks competency to hear and rule on Plaintiffs' Motion to Dismiss. As such, it appears the Court must rule first on Defendants' pending Motion to Dismiss as a threshold issue before the Court may consider Plaintiffs' most recent filing.

*Id.* at 2 (internal citations to the docket omitted).

To clarify, mootness doctrine, federal-question jurisdiction, and diversity jurisdiction all raise the issue of subject-matter jurisdiction. *Chicago Joe's Tea Room, LLC v. Village of Broadview*, 894 F.3d 807, 815 (7th Cir. 2018) ("Mootness strips a federal court of subject-matter jurisdiction."). The first is a limit set by the Constitution and the latter two by Congress. *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 550 (7th Cir. 2021) ("Because federal courts possess limited jurisdiction . . . the first step in any federal lawsuit is ensuring the district court possesses authority to adjudicate the dispute—in short, that it has jurisdiction over the subject matter . . . . Limits on a federal court's authority flow from both the Constitution and Congress.") (internal citations omitted). Thus, both Plaintiff and Defendants' motions concern "threshold issues."

At this juncture, however, the distinctions between the doctrines do not matter. When a court dismisses an action for lack of subject-matter jurisdiction, it must do so without prejudice. *Lennon v. City of Carmel, Indiana*, 865 F.3d 503, 509 (7th Cir. 2017) ("When a district court dismisses

an action for lack of jurisdiction, the dismissal must be without prejudice . . . . This is because a dismissal with prejudice . . . operates as a disposition on the merits, which a court without the power to hear a case may not issue."). Defendants will not get their desired result even if the Court engages with their motion, and they do not argue that the case is not moot. Accordingly, the Court will grant Plaintiff's motion and dismiss this case without prejudice for lack of subject-matter jurisdiction. The Court will deny as moot all remaining motions on the docket, ECF Nos. 16, 17, 22.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to dismiss, ECF No. 27, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that all other pending motions, ECF Nos. 16, 17, 22, be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of March, 2022.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge